UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

MILTON EVANS,                                              No. C 11-01520 LB

        Plaintiff,                                              ORDER DISMISSING CASE

    v.

WESTERN SIERRA ACCEPTANCE,

        Defendant.
_____/

## I. BACKGROUND

Plaintiff Milton Evans filed a complaint and a motion for leave to proceed *in forma pauperis* on March 29, 2011. *See* Complaint, ECF No. 1; Motion, ECF No. 2.[1] After Evans consented to proceed before a U.S. Magistrate Judge, ECF No. 5, the court granted his motion for leave to proceed *in forma pauperis* on August 4, 2011, ECF No. 6.

On August 29, 2011, the Clerk issued a notice requesting a service address for the Defendant. ECF No. 8. Evans did not respond to the Clerk's Notice. On September 13, 2012, the court ordered Evans to show cause why this case should not be dismissed for failure to prosecute. ECF No. 11. The order to show cause warned Evans that the court might dismiss the case without further notice if he failed to provide the address at which the clerk can serve Defendant or otherwise explain why the court should not dismiss this action for failure to prosecute by October 1, 2012. Evans has not

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

responded to the Court's Order to Show Cause.  Accordingly, and for the reasons discussed below, the court DISMISSES this case without prejudice.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 120 days after it files the complaint.  The 120 days for service runs from the date of the original complaint. *See* Fed. R. Civ. P. 4(m).  A court may dismiss a case without prejudice if a plaintiff has not complied with Rule 4(m) unless the plaintiff shows good cause for its failure to serve a defendant. *Id.*  If good cause appears, the court must extend the time for service for an appropriate period. *Id.* Whether good cause exists is determined on a case by case basis. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).  A plaintiff may show good cause where it attempted to serve a defendant but has not yet completed it, was confused about the requirements for service of process, or was prevented from serving a defendant because of events outside of its control. *See Wei v State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (applying the good cause standard in Rule 4(j) which was replaced by Rule 4(m) in 1993; *Mateo v. M/S KISO*, 805 F.Supp. 792, 795 (N.D. Cal. 1992) (overturned on other grounds).  Evasion of service could also constitute good cause for delay in service. *Id.* at 371; *Intrade Industries, Inc. v. Foreign Cargo Mgmt. Corp.*, No. 1:07-CV-1893 AWI GSA, 2008 WL 5397495, at *1 (E.D. Cal. Dec. 24, 2008) (citing *Hendry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997)).

## III.  DISCUSSION

### A.  Whether the Defendant Can Demonstrate Good Cause

Evans did not respond to the court's order to show cause.  Accordingly, he has not demonstrated good cause.  Additionally, the court does not find that Plaintiff will be unduly prejudiced by a dismissal without prejudice.  Plaintiff has had ample opportunity to serve defendants, such that the court likely could dismiss Plaintiff's claims for failure to prosecute under Rule 41(b), which would preclude any future suit.  Given the court's lenient approach to Evans's inexcusable silence and delay, any prejudice is solely attributable to Evans's actions.

### B.  Whether this Court Can Dismiss the Complaint

Plaintiff has consented to this court's jurisdiction.  ECF No. 5.  The court does not require the

consent of the defendants to dismiss an action when the defendants have not been served and therefore are not parties under 28 U.S.C. § 636(c). *Ornelas v. De Frantz*, C 00-1067 JCS, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995)); *cf. United States v. Real Property*, 135 F. 3d 1312, 1316 (9th Cir. 1997) (holding that the consent of an individual who was not a party was not a precondition to the magistrate judge's jurisdiction).

### III. CONCLUSION

Thus, for the reasons stated above, the court **DISMISSES** this case without prejudice.

**IT IS SO ORDERED.**

Dated: December 17, 2012

_____
LAUREL BEELER
United States Magistrate Judge